UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFF SPOERLE, NICK LEE, KATHI
SMITH, JASON KNUDTSON, on behalf of
themselves and all others who consent to
become Plaintiffs and similarly situated
employees,

          Plaintiffs,

                        Case No. 07-C-0300-C

v.

KRAFT FOODS GLOBAL, INC.,
OSCAR MAYER FOODS DIVISION,

          Defendant.

---

### BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Plaintiffs hereby submit their brief in support of their motion for class certification.

**I. Introduction**

Plaintiffs allege that Defendant Kraft Foods Global, Inc., Oscar Mayer Foods Division ("Kraft") failed to pay them for time spent donning and doffing Personal Protective Equipment ("PPE") in violation of the FLSA and Wisconsin wage and hour laws. Kraft filed a motion for summary judgment seeking dismissal of all claims prior to the due date for the filing of a motion for class certification and the parties agreed, with Court approval, to postpone the filing of this motion until after Kraft's motion had been disposed of.

On December 31, 2007, this Court denied Kraft's motion for summary judgment in substantial part. The parties, with the approval of the Magistrate Judge, subsequently

revised the scheduling order to provide for a new filing date for the filing of a motion for class certification and other matters.  On February 4, 2008, this Court granted Kraft's motion to clarify, and denied its motion for reconsideration and certification for interlocutory appeal.

Section 216(b) of the FLSA, 29 U.S.C. § 216(b), contains unique "opt-in" provisions requiring all plaintiffs to provide their "consent in writing to become such a party."  Plaintiffs may seek the District Court's approval to issue a notice to potential plaintiffs permitting them to join the litigation upon a preliminary showing that the potential plaintiffs are "similarly situated."  Id.  Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 169 (1989).  A defendant employer may seek later following discovery to decertify a court's determination that this standard has been satisfied for purposes of sending out a notice to potential plaintiffs.  See Austin v. CUNA Mutual Insurance Society, 232 F.R.D. 601 (W.D. Wis. 2006).

Plaintiffs in this case do not seek preliminary certification of an FLSA collective action for purposes of sending potential plaintiffs such a notice.  To date, 731 plaintiffs have already exercised this right and have executed consent forms.  Declaration of Kurt C. Kobelt, dated February 9, 2008 ("Kobelt Decl."), ¶ 9.  Plaintiffs estimate the total number of potential plaintiffs is approximately 1,200 and that the remaining plaintiffs will execute consent forms without the need for court involvement in disseminating notice of this action.

Plaintiffs are unaware of any authority requiring a court to certify a collective action under § 216(b) where plaintiffs do not seek to disseminate court-approved notice to potential plaintiffs.  To the extent this Court deems it necessary to certify this case as a

collective action under § 216(b), even though no notice is sought, Plaintiffs submit for the reasons set forth below in connection with the Rule 23(a) requirements, that the named Plaintiffs are "similarly situated" as other unnamed potential members of the collective action and that all requirements are met to dispose of the FLSA claims under § 216(b) for all persons who have executed consent forms.  <u>Austin v. CUNA Mutual Insurance Society</u>, supra.

The only remaining question is whether a class should be certified under FRCP Rule 23 for Plaintiffs' state law claims.  Plaintiffs' propose the following class definition:

> All current and former hourly employees employed at Kraft Foods Global, Inc.'s Oscar Mayer Foods Division Madison, Wisconsin plant since May 30, 2004 who were not paid regular or overtime pay for time spent donning and doffing personal protective equipment and walking to and from their work stations.

There are approximately 1,200 members of the proposed class.

Rule 23 of the FRCP is to be construed liberally and in favor of the maintenance of class actions.  <u>Rozema v. Marshfield Clinic</u>, 174 F.R.D. 425, 431 (W.D. Wis. 1997). Rule 23 requires a two-step analysis to determine the appropriateness of class certification.  First, plaintiffs must satisfy the four prerequisites of Rule 23(a).  If those requirements are met, plaintiffs must also meet one of the requirements of Rule 23(b). <u>Rosario v. Livaditis</u>, 963 F.2d 1013, 1017 (7th Cir. 1992).  These criteria are satisfied here and the class should be certified under Rule 23(b)(3).

**II.  The Proposed Class Satisfies the Requirements of Rule 23(a).**

The class definition proposed is precise, objective, and presently ascertainable.  It lacks any subjective criteria and is not contingent on the merits of the case.  The threshold formal requirements for describing the class therefore are satisfied.  <u>Rozema v.

3

Marshfield Clinic, supra, 174 F.R.D at 432.  See Ladegaard v. Hard Rock Concrete Cutters, Inc., 2000 WL 1774091, *1 (N.D. Ill. 2000) (certifying similarly described class for state wage and hour claim); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 96 (S.D.N.Y. 2001) (same); Yon v. Positive Connections, Inc., 2005 WL 628016, *1 (N.D Ill. 2005) (same).

Rule 23 sets forth the following requirements:

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,
> (4) the representative parties will fairly and adequately protect the interests of the class.

All four are present here.

### A. The Class is So Numerous that Joinder of All Members is Impracticable.

This proposed class consists of approximately 1,200 current and former hourly employees employed by Kraft at its Oscar Mayer Foods Division meat processing plant in Madison, Wisconsin.  This number is sufficiently large to warrant class certification, since certification of classes with as few as 40 members has been approved.  Swanson v. American Consumer Industries, Inc., 415 F.2d 1326, 1333 (7th Cir. 1969); Hendricks-Robinson, et al. v. Excel Corp., 164 F.R.D. 667, 671 (C.D. Ill. 1996) (certifying class of 38 members).

### B. There are Questions of Law or Fact Common to the Class.

Establishing commonality "is not a demanding requirement."  Meiresonne v. Marriott Corp., 124 F.R.D. 619, 622 (N.D. Ill. 1989).  If there is at least one issue of fact or law common to all class members, commonality may be established.  Id.  The

4

threshold for commonality requires only that the resolution of common questions affecting all, or a substantial number of class members. Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). Cases involving the "standardized conduct of defendant toward members of [a] proposed class" establish the common nucleus of operative facts needed to satisfy Rule 23 (a)(2). Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D. Ill. 1984). "Neither individual damage issues…nor minor differences in liability issues prohibit class certification." Fogie v. Rent-A-Center, Inc., 867 F.Supp. 1398, 1404 (D. Minn. 1993).

This Court has already found there exist common questions of fact for class members. In its Opinion denying in substantial part Kraft's motion for summary judgment, this Court found undisputed facts that all class members are (1) required to don similar items of PPE required by law; (2) not paid for time spent donning these items of PPE; (3) required walk to their workstations after they don the PPE where they punch computerized time clocks and begin to be paid; (4) required to punch out at the end of their shifts and walk back to their locker rooms where they doff the PPE. Slip Opinion dated December 31, 2008, pp. 3-4.

There are questions of law common to the class, including the following: (1) whether time spent donning and doffing and walking to and from workstations is a "principal activity" under Wis. Admin. Code § 272.12(1); (2) whether Kraft has violated Wis. Stats. §§ 103.02, 104.02 and 109.03 and Wis. Admin. Code § 272.03 by failing to pay class members' wages and overtime for time spent donning and doffing PPE and walking to and from their workstations; (3) and, whether Kraft can establish any defenses justifying its conduct.

There are no liability issues applying only to individual members. Thus, this criteria is met. See Ansoumana v. Gristede's Operating Corp., supra, 201 F.R.D. at 86 (differences among Plaintiff Class Members' regarding the number of hours worked and amount of pay claimed do not defeat commonality for purposes of certifying state law wage and hour claims); Belbis v. County of Cooke, 2002 WL 31600048, *6-7 (N.D. Ill. 2002) (same); Ladegaard v. Hard Rock Concrete Cutters, Inc., supra, at *4 (essence of claims is failure to "pay for certain categories of work performed during a particular period of time").

### C. The Claims of the Representative Plaintiffs are Typical of the Claims of the Class.

The primary difference between the requirements of commonality and typicality is that the former evaluates the sufficiency of the class itself, while the latter evaluates the sufficiency of the named plaintiffs. Hassine v. Jeffes, 846 F.2d 169, 176, n. 4 (3rd Cir. 1988). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory." Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 597 (7th Cir. 1993). The primary requirement is that there be "an absence of an adverse interest between the representative parties and other members of the class." In re Commercial Tissue Products, 183 F.R.D. 589, 593 (N.D. Fla. 1998).

Typicality is not defeated by mere factual distinctions between the claims and the plaintiffs' injuries and those of other class members. Rather, "typicality turns on the defendant's actions toward the plaintiff class, not particularized defenses against individual class members." Orlowski v. Dominick's Finer Foods, 172 F.R.D. 370, 374 (N.D. Ill. 1997). Indeed, "similarity of legal theory may control even in the fact of

6

differences of fact." De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983).

Here, the claims of named plaintiffs, Jeff Spoerle, Nick Lee, Kathi Smith, and Jason Knudtson are typical of the claims of the rest of the class. Like the other members of the proposed class they are each employed by Kraft at its Oscar Mayer Division Madison plant as hourly employees; each is required to don and doff the same PPE at issue here and walk to and from the their workstations before punching in and being paid. Declaration of Jeff Spoerle, dated February 4, 2008, (Kobelt Decl. Exh. 1); Declaration of Nick Lee, dated January 31, 2008, (Kobelt Decl. Exh. 2); Declaration of Kathi Smith dated February 1, 2008, (Kobelt Decl. Exh. 3); Declaration of Jason Knudtson dated January 31, 2008, ¶'s (Kobelt Decl. Exh. 4). It is clear the Plaintiffs' claims are similar to those of the proposed class and are not adverse in any respect. Therefore Rule 23(a)(3) is met. See Ladegaard v. Hard Rock Concrete Cutters, Inc., supra, at *5; Ansoumana v. Gristede's Operating Corp., supra, 201 F.R.D. at 87.

### D. The Representative Plaintiffs will Fairly and Adequately Represent the Members of the Class.

In order for the named Plaintiffs to be fair and adequate representative of the class, three requirements must be met: (1) counsel must be qualified, experienced, and generally able to conduct the proposed litigation; (2) the class representative must have sufficient interest in the outcome to ensure vigorous advocacy; and, (3) the class representatives must not have antagonistic or conflicting interests with other members of the proposed class. Rozema v. Marshfield Clinic, supra, 174 F.R.D. at 439.

There are no antagonistic or conflicting interests among the class members in the present case. The four lead plaintiffs are active employees subject to the same policies

7

regarding nonpayment for time spent donning and doffing PPE and walking to and from their workstations as other class members.  They along with other class members seek the same relief of payment of lost wages.

Plaintiffs' counsel, Kurt C. Kobelt, has 28 years experience in labor and employment law and has handled six class actions.  The law firm of Lawton & Cates has significant experience handling class actions in its 45 years of existence and is committed to devoting the skill and resources necessary to litigate this matter to conclusion. Kobelt Decl. ¶'s 2-3.

There is no reason to believe that Plaintiffs and their counsel will not fairly and adequately represent the interests of the class, and Rule 23(a)(4) is therefore met.  See Ansoumana v. Gristede's Operating Corp., supra, 201 F.R.D. at 87.

**III.  This Case is Appropriate for Class Certification Under Rule 23(b)(3).**

In addition to meeting the requirements of Rule 23(a), the potential class must also meet at least one provision contained in subpart (b) of that Rule.  Plaintiffs maintain this class should be certified under Rule 23(b)(3).

The first element of Rule 23(b)(3) is that common questions of law or fact predominate over individual questions.  This element is typically satisfied where there is an essential common factual link between all class members and defendants. Ladegaard v. Hard Rock Concrete Cutters, Inc., supra, at *7.  This requirement is "in effect, a stricter version of the commonality requirement of Rule 23(a)(2)."  Ansoumana v. Gristede's Operating Corp., supra, 201 F.R.D. at 89.  The common factual link present here is that all class members are subject to the same policies whereby they are not paid for time spent donning and doffing similar items of PPE or for walking time to their

8

workstations, as this Court has found. This factual link gives rise to the common legal questions whether Kraft violated Wisconsin wage and hour laws by not paying class members for this time. The only questions affecting individual members are the damages questions relating to amounts of wages owed as a result of these violations. The common questions of fact and law clearly dwarf these individual damages issues. Thus, the class is "sufficiently cohesive to satisfy Rule 23(b)(3)." Blihovde v. St. Croix County, 219 F.R.D. 607, 620 (W.D. Wis. 2003).

The final question under Rule 23(b)(3) is whether a class action is superior to other methods of adjudication. A court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. Blihovde v. St. Croix County, supra, 219 F.R.D. at 620. The Seventh Circuit has held it is proper for a court, in determining the best available method of adjudication, to consider the inability of the "uninformed to enforce their rights, and the improbability that large number of class members would possess the initiative to litigate individually." Haynes v. Logan Furniture Mart, Inc., 503 F.2d 1161, 1165 (7th Cir. 1974).

Class certification here will avoid costly and duplicative litigation by individual class members of the same claims alleged in this case. Since the factual and legal issues would be identical in all such lawsuits, class certification is economical and will conserve judicial resources. Moreover, a single lawsuit avoids the potential for inconsistent rulings and ensures that each class member is subject to the same outcome on the same claims. Further, it must be recognized that the class members are hourly production workers in a factory and lack the resources to finance their own lawsuits.

The individual class members have no interest in controlling the prosecution of their own actions within the meaning of Rule 23(b)(3)(A).  And no class member has implicated Rule 23(b)(3)(B) by filing any similar action elsewhere.  There are no considerations militating against the concentration of these claims in this forum to be raised under Rule 23(b)(3)(C).  Nor can one conceive of any significant difficulties likely to be encountered in managing the class to raise concerns under Rule 23(b)(3)(D).

Therefore, a class action will save significant court time and resources while protecting and preserving Plaintiffs' claims in an economical manner.  Certification is therefore proper under Rule 23(b)(3).  See Ansoumana v. Gristede's Operating Corp., supra, 201 F.R.D. at 89 (certifying class of employee asserting violations of state wage and hour laws under Rule 23(b)(3)); Ladegaard v. Hard Rock Concrete Cutters, Inc., supra, at * 7 (collecting cases certifying similar actions under Rule 23(b)(3)); Belbis v. County of Cook, supra, at *7 (same); O'Brien v. Enotech Construction Services, 203 F.R.D 346, 352  (N.D. Ill. 2001) (same).

Plaintiffs recognize that some district courts in this circuit have found that Rule 23(b)(3) certification is inappropriate in similar cases involving joint FLSA and state law wage and hour claims.  See Acosta v. v. Scott Labor, LLC, 2006 WL 27118 (N.D. Ill. 2006) (collecting cases).  None of the considerations that have lead these courts to deny certification, however, are present here.  As the court noted in Acosta, at * 3, in all but one of these cases, plaintiffs have sought notice under § 216(b).  Some courts have expressed concern that plaintiffs could be confused by simultaneous notices asking them whether they desire to opt-in to the FLSA action and opt-out of the state law claims.  Id.  These concerns are not present here because Plaintiffs do not seek any § 216(b) notice.

10

Other courts have expressed reluctance to certify Rule 23(b)(3) classes in state law actions joined with FLSA actions where there is a possibility that only a few potential plaintiffs would opt-in to the FLSA action but the state law class action could include a substantially larger number of claimants. If this were to occur, the state claims could predominate over the federal claims and the "federal tail represented by a comparatively small number of plaintiffs [could] wage what is in substance a state dog." De Ascencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3rd Cir. 2003), cited in Harper v. Yale International Insurance Agency, Inc., 2004 WL 1080193, *5 (N.D. Ill. 2004). But these cases only "suggest that class certification of state law claims is inappropriate before the scope of an FLSA collective action has been determined." Id. at *5.

Here, in contrast, the scope of the FLSA collective action already has been determined to be broad: over 700 FLSA consents have been filed in only a three-week period. Kobelt Decl. ¶ 9. This substantial number of FLSA claims ensures the state law claims will not predominate over the state law claims and there will not be a federal tail wagging a state dog.

To the extent this Court deems it necessary to determine whether it possesses supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 in order to determine whether certification is appropriate, Plaintiffs urge this Court to adopt Judge Hellerstein's comprehensive and persuasive analysis of this question in the affirmative in Ansoumana v. Gristede's Operating Corp., supra, 201 F.R.D. at 90-97. Alternatively, if this Court does not certify the proposed class, Plaintiffs maintain that this Court possesses supplemental jurisdiction over the state law claims for all of the plaintiffs who opt in to the FLSA action.

11

**Conclusion**

For the foregoing reasons, the motion for class certification should be granted and the proposed class certified under Rule 23(b)(3).

        Respectfully Submitted,

        **LAWTON & CATES, S.C.**

By:   s/ Kurt C. Kobelt
      Kurt C. Kobelt
      SBN: 1019317
      *Attorneys for Plaintiffs*
      10 East Doty Street, Suite 400
      Madison, WI 53703-2694
      Telephone: (608) 282-6200
      Facsimile: (608) 282-6252
      Email: kkobelt@lawtoncates.com

Dated: February 8, 2008