IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF SPOERLE, NICK LEE,
KATHI SMITH, JASON KNUDTSON,
on behalf of themselves and all others
who consent to become Plaintiffs and
similarly situated employees,

                      ORDER

        Plaintiffs,

                      07-cv-300-bbc

  v.

KRAFT FOODS GLOBAL, INC.,
Oscar Mayer Foods Division,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Kraft Foods Global, Inc. has moved to file a second motion for summary judgment in this proposed class action under the Fair Labor Standards Act and state law. Defendant filed its first motion for summary judgment in September 2007, less than four months after the case was filed, apparently believing that it could obtain a quick dismissal of the case. Defendant then moved to stay any consideration of the issue of class certification until the motion for summary judgment was resolved. Although Fed. R. Civ. P. 23 contemplates that a decision on class certification usually will come before a motion

1

for summary judgment, Wiesmueller v. Kosobucki, 513 F.3d 784, 787 (7th Cir. 2008), "'usually' is not 'always,' and [Rule 23] allows for wiggle room." Cowen v. Bank United of Texas, FSB, 70 F.3d 937, 941-42 (7th Cir.1995). Accordingly, I granted defendant's request to "put the cart before the horse," Weismuller, 513 F.3d at 787, and delay the question of class certification until defendant's motion for summary judgment was resolved.

After I denied defendant's motion in large part, Spoerle v. Kraft Foods Global, Inc., 527 F. Supp. 2d 860 (W.D. Wis. 2007), the magistrate judge issued a new scheduling order, including a deadline for filing a motion for class certification. The schedule did not provide for a second round of summary judgment.

Plaintiffs filed a timely motion for class certification on February 8, 2008. Just after that motion was finished briefing, defendant filed its request to file a second motion for summary judgment. As grounds for its motion, defendant says that it has developed more facts and new legal arguments, but it has failed to explain why it failed to develop these issues on its first motion. It is not this court's policy to allow parties' endless kicks at the summary judgment cat until they get it right. Defendant's first motion was not a dress rehearsal; its failure to adequately develop the record and its legal arguments should not be rewarded with another round of summary judgment that would likely end in the same result.

ORDER

2

IT IS ORDERED that defendant Kraft Foods Global, Inc.'s motion for leave to file to file a second motion for summary judgment (dkt. #104) and its motion for summary judgment (dkt. #105) are DENIED.

Entered this 2nd day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge