IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF SPOERLE, NICK LEE,
KATHI SMITH, JASON KNUDTSON,
on behalf of themselves and all others
who consent to become Plaintiffs and
similarly situated employees,

ORDER

Plaintiffs,

07-cv-300-bbc

v.

KRAFT FOODS GLOBAL, INC.,
Oscar Mayer Foods Division,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A final pretrial conference is scheduled in this case on July 17 at 4:00 pm. The parties'

motions in limine indirectly raise the question of what factual issues must be tried to the jury

with respect to liability.  The parties identify four issues in dispute, all relating to the legal

nature of donning and doffing particular items.  Is such activity "work" under the Fair Labor

Standards Act? Is it a noncompensable "preliminary" and "postliminary" activity under 29

U.S.C. § 254(a)?  Does it fall within the meaning of "changing clothes" under 29 U.S.C. §

203(o)?  Is it a "de minimis" activity under Anderson v. Mt. Clemens Pottery Co., 328 U.S.

1

680, 691(1946).

With the possible exception of the "de minimis" question, the disputes between the parties appear to be legal in nature. That is, the parties do not necessarily dispute the historical facts, such as whether particular items must be donned or whether they serve a safety or sanitation purpose; rather, they dispute whether the facts satisfy a particular legal standard. If that is indeed the case, a jury trial on these issues is inappropriate because it is the court and not the jury that must decide the scope of the law.

Accordingly, at the final pretrial conference, the parties should be prepared to identify any *factual* disputes that remain with respect to liability. To the extent the disputes are legal only, the parties should address how the court should resolve those disputes, perhaps through presenting stipulated facts to the court or by creating a record through a short court trial before the jury trial begins. I do not agree with plaintiffs' assertion that the court may rely on the summary judgment record to find facts for the purpose of trial.

Entered this 15th day of July, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

2