IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFF SPOERLE, NICK LEE,
KATHI SMITH, JASON KNUDTSON,
on behalf of themselves and all others
who consent to become Plaintiffs and
similarly situated employees,

                    Plaintiffs,

       v.

KRAFT FOODS GLOBAL, INC.,
Oscar Mayer Foods Division,

                  Defendant.

ORDER

07-cv-300-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing was held on June 1, 2011 on plaintiffs' fee petition in this class action brought under the Fair Labor Standards Act. Plaintiffs were represented by James Olson, Sarah Siskind and Ginger Murray. Also present were Daniel Kaplan, counsel for defendant Kraft Foods Global, Inc., and Joseph R. Jerzewski, President and Business Manager of UFCW Local 538 and a class member.

In response to the court's question about the need for notifying the class about the updated damages calculation, plaintiffs' counsel stated that they believed no additional

notice was required.  In their view, the original notice sent to the class in 2008 following settlement advised the class members of the method that would be used to calculate damages going forward.  In light of the advice given the class members in the earlier notice and the information on the amended damages contained on the class website, I am persuaded that plaintiffs are correct in saying that this notice gave the class members sufficient information about the damage calculation and that no new notice is necessary.

Class member Jerzewski renewed the challenge to the fee enhancement that he had raised in his May 11, 2011 letter to the court.  He objects in particular to including in the settlement amount the lodestar payment made to plaintiffs by defendant, arguing that this mischaracterizes the amount obtained by plaintiffs and minimizes the fraction of the settlement amount represented by the fee enhancement that plaintiffs' counsel are seeking. However, as plaintiffs' counsel explained, this is the arrangement that was spelled out in the 2008 class notice setting forth the settlement agreement.  Accordingly, Mr. Jerzewski has no ground for objecting to the treatment of the lodestar amount as violating the settlement agreement.  The amount of enhanced fees is not objectionable in and of itself.  It compares favorably with much larger awards made in similar class action lawsuits.

After hearing the objection, Mr. Jerzewski's arguments in support of it and the arguments in reply from plaintiffs' counsel, I approved the fee enhancement of $300,000, payable from the common fund.  With the lodestar amount, the total fees for plaintiffs'

2

counsel will amount to less than 25% of the settlement award.

The settlement agreement provided for defendant to pay into the settlement fund "an additional sum equal to Plaintiffs' lodestar (*i.e.*, Class Counsel's reasonable rates times reasonable hours) plus Plaintiffs' reasonable litigation expenses," Settlem. Agmt., dkt. #250, at 10-11, and in addition, litigation expenses incurred following settlement. The agreement provides for a supplemental "common fee" award over and above plaintiffs' lodestar and reasonable expenses, id. at 11, to be paid from the common fee, id. at 12, and in no event yielding a fee greater than 25% of the settlement fund, when added to the lodestar. Id. at 11. Those requirements have been met.

The total fee request in this case is modest in comparison to awards in other cases. E.g., Sjoblom v. Charter Communictions, LLC, 07-cv-451-bbc (W.D. Wis.) (fee award equaled 30% of class recovery). The results obtained were impressive and, because they led to changes in pay that will continue into the future, are of greater value to most of the class members than the settlement amount. Taking into consideration counsel's years of work, the difficult legal and practice issues of litigating a class action case of this type and the uncertainty of obtaining any fee at all, I find that the fee enhancement in this case is reasonable, fair and well supported by the work performed by counsel.

ORDER

IT IS ORDERED that the request of plaintiffs Jeff Spoerle, Nick Lee, Kathi Smith, Jason Knudtson, on behalf of themselves and all others who consent to become plaintiffs and similarly situated employees is GRANTED for approval of

1. An award of $4,187,672.93 as class wide damages;

2. An award of lodestar fees in the amount of $863,716.72 to the firms of Lawton & Cates, S.C. and Miner, Barnhill & Galland P.C.;

3. An award of $128,370.21 to the firms of Lawton & Cates, S.C. and Miner, Barnhill & Galland P.C. as necessary expenses of litigation; and

4. An award of $300,000 as enhanced fees to the firms of Lawton & Cates, S.C. and Miner, Barnhill & Galland P.C.

Entered this 1st day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4